IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RONNIE BLADE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | No. 02-0666-CV-W-GAF |
| v. | ) | No. 01-0023-01-CR-W-GAF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Pending before the Court is Movant Ronnie Blade's ("Blade") Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255, seeking dismissal of the indictment under which he was convicted and sentenced to five concurrent life sentences. (Doc. #100). Blade challenges his conviction and sentence, claiming (1) prosecutorial misconduct and discrimination; (2) ineffective assistance of counsel; (3) judicial misconduct; and (4) actual innocence.[1] *Id.* For the following reasons, Blade's Motion is DENIED.

**A.      Analysis**

"It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) (*citing Anderson v. United States*, 619 F.2d 772, 773 (8th Cir. 1980)). Rulings on direct appeal "are the law of the case and will not be disturbed absent an intervening change in controlling authority." *Baranski v. United States*, 515 F.3d 857, 861 (8th Cir. 2008) (*citing United States v. Blahowski*, 324 F.3d 592, 596-97 (8th Cir. 2003) & *Liberty Mut. Ins. Co. v. Elgin Warehouse & Equip.*, 4 F.3d 567, 571 (8th Cir. 1993)).

---

[1]The facts relevant to the pending Motion are accurately set forth in the Government's brief. (Doc. #111, pp. 2-14).

Section 2255 generally allows for attack of a sentence on four grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (internal quotation marks omitted). Review under § 2255 "is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks and citations omitted).

For a claim not raised on direct appeal to be properly raised in § 2255 proceedings, the movant must show (1) cause for failure to raise the issue on direct appeal and resulting prejudice or (2) actual innocence. *Id.* at 622 (citations omitted). However, the cause and prejudice exception does not apply to nonconstitutional or nonjurisdictional issues "if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citations omitted). The actual innocence exception will allow consideration of a claimed error not raised on direct appeal or at trial "if the alleged error was a fundamental miscarriage of justice," but it applies only to claims of factual as opposed to legal innocence and requires that the petitioner show "by clear and convincing evidence that, but for an alleged constitutional error, no reasonable juror would have found the petitioner guilty." *Id.* at 706-07 (citations omitted). "[T]he actual-innocence exception does not apply to noncapital sentences." *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001).

   *1.     Allegations of Prosecutorial Conduct*

Blade's allegations of prosecutorial misconduct and discrimination include claims that (1) the grand jury process was violated with improper evidence and testimony, (2) charging decisions were vindictive and discriminatory, (3) handwritten notes were improperly withheld from him, (4) a witness

2

was threatened, (5) the Government breached a court order requiring identification of a co-conspirator, (6) the Government suborned perjury, and (7) the Government used improper questioning patterns.

These allegations generally do not implicate the grounds for permissible attack set forth in *Hill*. In fact, the Eighth Circuit has held these grounds are not properly raised in a § 2255 proceeding. *Houser v. United States*, 508 F.2d 509, 513-17 (8th Cir. 1974) (trial errors, challenges to grand jury proceedings, indictment defects, Jencks statement claims, evidentiary rulings, denied requests for witness subpoenas, and improper statements by the court or prosecutor are not permissible § 2255 claims) (citations omitted). Additionally, the Eighth Circuit has already found some of the claims Blade now raises are meritless. *See United States v. Blade*, 336 F.3d 754 (8th Cir. 2003).

Even if these grounds were cognizable in a § 2255 proceeding, Blade has not provided a shred of evidence from the record to support his allegations. As the Government notes, failure to include a conspiracy charge in the complaint is not evidence of discrimination or improper motive. Further, the record shows no improper testimony or exhibits were offered to the grand jury. Additionally, Blade cannot carry his burden to show the Government suborned perjury because he presents no evidence other than his own claim that the perjury occurred and no evidence the Government knew of the alleged perjury. *See Holt v. United States*, 303 F.2d 791, 794 (8th Cir. 1962) (citation omitted) (A claim that the Government suborned perjury requires evidence of "the use of perjured testimony, and, second, knowledge by the prosecuting officials at the time the testimony was used that it was perjured."). Blade's request for relief based on prosecutorial misconduct and discrimination is therefore DENIED.

   2.   *Ineffective Assistance of Counsel*

To succeed on a claim of ineffective assistance of counsel, Blade must show his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995)

3

(citation and quotation marks omitted). The performance prong requires the Court to objectively "'determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competence' while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions." *Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992) (citations omitted). If the Court determines performance was deficient, "the prejudice prong requires proof that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* The Court begins its analysis under "the presumption that [Blade's] trial counsel was competent." *See Smith v. Lockhart*, 921 F.2d 154, 156 (8th Cir. 1990) (*citing Stacey v. Solem*, 801 F.2d 1048, 1051 (8th Cir. 1986)).

Blade contends each of his three defense attorneys was ineffective. Among his claims with respect to Anita Burns, are allegations she failed to allow him to maintain a physical copy of all discovery materials in his cell and failed to investigate exculpatory facts he revealed to her. This Court has already rebuffed Blade's claims that his demand to have a copy of discovery material in his cell was improperly denied. (*See, e.g.,* D.E. 78 at 15-21). Blade presents no plausible legal or factual argument that his inability to access discovery materials in his cell on a 24-hour basis was improper or prejudicial or that Ms. Burns did not conduct herself in a competent manner with regard to her representation of him.

Blade next alleges his standby counsel at trial, Bruce Houdek, provided ineffective assistance of counsel by, among other things, advising him with respect to a guilty plea and failing to complete and file motions on his behalf. The record shows Blade insisted on representing himself at trial and was properly advised that, as standby counsel, Mr. Houdek's role was to answer legal questions during trial but not to make copies or file motions for him. (D.E. 94 at 27; D.E. 93 at 10; D.E. 137 at 3, 19-30). Considering Blade requested that Mr. Houdek not be present at trial and that he sit at a different table,

4

*see* D.E. 198 at 3, he can hardly complain that Mr. Houdek did not make himself appropriately available to him as standby counsel.

Finally, Blade alleges Willis Toney, who was appointed for sentencing and appeal, did not properly prepare with regard to arguments about drug amounts. As the Government notes, the record shows Blade's claim has no merit. (*See* Tr. 4-10, 31-44). Further, the same claim was raised on appeal and denied. *Blade*, 336 F.3d at 757. Blade's claim the Court forced him into a Hobson's choice also has no merit as the record shows both Mr. Houdek and Mr. Toney were prepared and willing to represent Blade and spent considerable time in preparation. *See United States v. Blum*, 65 F.3d 1436, 1442 (8th Cir. 1995) (stating no Hobson's choice is imposed on a defendant where he is presented with a real alternative–adequate representation).

Further, Blade's argument Mr. Toney was ineffective for failing to raise claims of ineffective assistance of counsel during appeal are unpersuasive. "[T]he Sixth Amendment does not require that appellate counsel raise every colorable or non-frivolous issue on appeal." *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998) (*citing Jones v. Barnes*, 463 U.S. 745, 751-54 (1983)). Failure to raise a claim on appeal is assumed an exercise of "sound appellate strategy" unless there is evidence to the contrary. *Id.* (*citing Sidebottom v. Delo*, 46 F.3d 744, 759 (8th Cir. 1995)).

In this case, there is no evidence Mr. Toney's failure to raise ineffective assistance of counsel was not a sound appellate strategy. On the contrary, "[e]xcept where a miscarriage of justice would obviously result or the outcome would be inconsistent with substantial justice, ineffective assistance of counsel issues are more appropriately raised in collateral proceedings [than on direct appeal] because they normally involve facts outside the original record." *United States v. Woods*, 270 F.3d 728, 730 (8th Cir. 2001) (*citing United States v. Martin*, 59 F.3d 767, 771 (8th Cir.1995)). This Court specifically rejected Blade's claims of ineffective assistance at trial and observed Blade's allegations were

5

obstructive and baseless. Thus, Mr. Toney's failure to raise the issue on appeal does not amount to ineffective assistance of counsel. *See Kitt v. Clarke*, 931 F.2d 1246, 1250 (8th Cir. 1991) (finding deficient performance improbable and therefore no prejudice where claims of ineffective assistance were rejected at trial level). Even if Blade could show the omission did not meet the standard of care he cannot prove prejudice due to the opportunity for review of his allegations in the instant proceeding.

### *3. Allegations of Judicial Misconduct*

Blade raises multiple claims of judicial misconduct based on numerous decisions of this Court during trial proceedings. Among the alleged errors and abuses of discretion that Blade claims were judicial misconduct are (1) refusal to grant physical possession of a copy of discovery or require defense counsel to provide him with a physical copy, (2) denial of his request for a private investigator and paralegal, (3) the imposition of standby counsel, (4) denial of his requests for subpoenas, (5) permitting the Government to strike a witness, (6) admitting drug-related evidence, (7) revealing bias to the jury, (8) permitting improper communication between the Government and witnesses, (9) improper vouching for a Government witness, (10) permitting the Government to make untimely and frivolous objections, and (11) failing to require a witness to submit to a pretrial interview or require his testimony at trial.

Preliminarily, the Court notes Blade's attempt to raise these alleged trial errors impermissibly seeks to substitute the § 2255 proceeding for an appeal. *See Bousley*, 523 U.S. at 621. Further, no circumstance here allows for an exception as Blade can show neither cause and prejudice nor actual innocence. With respect to cause and prejudice, Blade wholly fails to meet the "significantly higher" standard imposed than that required on direct review, *see United States v. Frady*, 456 U.S. 152, 166 (1982), or demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *See Johnson v. United States*, 805 F.2d 1284, 1287 (7th Cir. 1986) (*quoting Hill v. United States*, 368 U.S. 424, 428

Case 4:02-cv-00666-GAF   Document 141   Filed 05/12/09   Page 6 of 8

(1962)). With respect to the actual innocence exception, which does not appear applicable here, *see United States v. Wiley*, 245 F.3d 750, 752 (8th Cir 2001) ("the actual-innocence exception does not apply to noncapital sentences"), Blade presents no "clear and convincing evidence that, but for an alleged constitutional error, no reasonable juror would have found the petitioner guilty." *Id.* at 706-07 (citation omitted). Nor does the Court consider the claimed errors he raises to be fundamental miscarriages of justice.

Even if Blade's efforts to raise these trial-error allegations were permissible, the claims are baseless. Particularly, allegations of bias cannot be sustained based on a judge's rulings alone and are not a permissible basis for questioning partiality absent evidence from a "source outside the judicial proceeding at hand." *Liteky v. United States*, 510 U.S. 540, 544-45 (1994) (citation omitted). No credible outside evidence exists here. On the contrary, Blade's behavior at trial and in conducting his *pro se* defense required the Court to restrain his conduct to maintain the dignity of the courtroom and ensure compliance with procedural rules. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law."). In sum, Blade's numerous claims of judicial misconduct are impermissibly raised and without support in the record.

Blade's Motion to Vacate, Set Aside, or Correct Sentence is therefore DENIED on all grounds.

**B.     Evidentiary Hearing and Certificate of Appealability**

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *United States v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005) (citations omitted).

7

In this case, review of the merits of Blade's claims shows his allegations cannot be accepted as true because they are incredible, contrary to the record, and conclusory rather than factually supported. Blade's request for a hearing with regard to his Motion is therefore DENIED.

The Government also requests that the Court deny Blade a certificate of appealability. A certificate of appealability should issue only if a habeas prisoner makes "a substantial showing of the denial of a constitutional right...." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (citation omitted). Here, there is no room for debate over resolution of Blade's claims. He offers only unsupported conclusions and the law affords him no relief. As such, Blade is DENIED a certificate of appealability with respect to his petition.

## CONCLUSION

The record shows Blade's claims of prosecutorial misconduct, ineffective assistance of counsel, and judicial misconduct have no merit. His Motion to Vacate, Set Aside, or Correct Sentence is therefore DENIED. Further, Blade's arguments are futile and the law and record contradict his allegations. As such, no evidentiary hearing is necessary. Finally, due to Blade's failure to make a substantial showing of a denial of a constitutional right, he is also DENIED a certificate of appealability with respect to his petition.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: **May 11, 2009**